**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3138-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL J. MEYER,

     Defendant-Appellant.

_____

Argued January 9, 2020 – Decided September 18, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 17-15.

John J. Novak argued the cause for appellant (John J. Novak, PC, attorneys; John J. Novak and Deborah A. Plaia, on the briefs).

Cheryl L. Hammel argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Michael J. Meyer appeals from the March 11, 2019 order of the Law Division convicting him after a trial de novo of driving while intoxicated (DWI), N.J.S.A. 39:4-50. We affirm.

I.

The following facts are derived from the record. On June 13, 2016, defendant was involved in a three-car accident in Lacey Township that resulted in personal injuries. An officer took breath samples from defendant with an Alcotest machine at the station. After the tests reported blood alcohol content (BAC) readings above the legal limit, the officer charged defendant with DWI.[1]

On June 20, 2017, defendant entered a conditional plea of guilty in the municipal court to the DWI charge. Several stipulations were entered at the time of the plea: (1) the operator of the Alcotest machine was qualified; (2) the Alcotest machine was in proper working order; (3) the first ambient air sample was taken at 06:42; (4) the second ambient air sample was taken at 06:43; (5) defendant's first breath sample was taken at 06:44; (6) defendant's second breath sample was taken at 06:46; and (7) the test results reported a .21 BAC reading.

---

[1]  The officer also charged defendant with reckless driving, N.J.S.A. 39:4-96. That charge is not before the court.

A-3138-18T1

Pursuant to the conditional plea, defendant preserved the argument that the results of his Alcotest breath samples are inadmissible and, if so, his conviction should be vacated. In State v. Chun, 194 N.J. 54 (2008), the Supreme Court addressed the scientific reliability of the Alcotest and adopted standards and procedures that must be followed by police before an Alcotest report is admitted into evidence. Relevant to defendant's reservation is the Court's holding that at least two breath samples are necessary for the results to be valid. Id. at 118, 151.

A Special Master's Report on the reliability of Alcotest results, relied on by the Court in Chun, discussed possible contamination from one sample to the next whenever the second sample is taken too soon after the first. See Findings and Conclusions of Remand Court, No. 58,879, 2007 N.J. Lexis 39 at 43 (N.J. Feb. 13, 2007). To allow evacuation of the first breath from the cuvette into which it is collected, the Alcotest software locks the machine and "[a]fter a two-minute lock-out period during which the device will not permit another test, the instrument prompts the operator to . . . collect the second breath sample." Chun, 194 N.J. at 81.

Before the municipal court, defendant argued the stipulated facts create a reasonable doubt that his breath samples were taken at least two minutes apart

A-3138-18T1

and raise the possibility that the second sample was contaminated by the remnants of the first sample. In support of his argument, defendant offered an expert report by a retired New Jersey State Trooper who previously headed the State Police alcohol drug testing unit. The expert explained that the report issued by the Alcotest recorded the hour and minutes, but not the seconds, of each of defendant's breath samples. He opined that defendant's

> first breath test was conducted at 06:44D[2] and his second breath test was conducted at 06:46D. There appears to be a two[-]minute lock-out on the [Alcohol Influence Report] between breath samples. It is possible [defendant's] first breath test was completed at 06:44:55D and his second breath test was started at 06:46:15D. The times would raise reasonable doubt a two[-]minute lock-out was adhered to between breath samples. . . . The lack of a two[-]minute lock[-]out between breath tests would raise a question as to the reliability of [defendant's] breath tests results.

The State did not present a rebuttal expert report.

The municipal court judge stated he was unaware of any precedent supporting defendant's position. He accepted the guilty plea and sentenced defendant to a seven-month loss of driving privileges, twelve hours in the intoxicated driver's resource center, six months of ignition interlock, a $306 fine, and financial penalties.

---

[2] The significance of "D" after the times is not explained in the report.

At the trial de novo in the Law Division, defendant again relied on the expert's report to challenge admission of the Alcotest results. As he had done in the municipal court, defendant argued there was a reasonable doubt that a full two minutes transpired between the taking of defendant's breath samples because the Alcotest report did not include seconds in the time notations for the samples. In addition, defendant argued that the record indicates he blew breath for the first sample for 12.8 seconds, which added to the doubt that a full two minutes transpired before the next breath sample was taken.

The trial court issued a written opinion rejecting defendant's argument. The court relied almost exclusively on an unpublished opinion of this court, State v. Mukherjee, No. A-3031-10 (App. Div. Jan. 9, 2012), in which we rejected arguments similar to those raised by defendant. In doing so, the trial court, in effect, adopted the testimony of a witness described in Mukherjee, which contradicted the expert testimony offered by defendant. On March 11, 2019, the trial court entered an order upholding defendant's conviction.

This appeal followed. Defendant makes the following arguments.

POINT I

THE COURT ERRED IN RELYING ON AN UNPUBLISHED OPINION, STATE V. MUKHERJEE, 2012 N.J. SUPER. UNPUB. LEXIS 24 (APP. DIV. OCTOBER 25 [SIC], 2012) IN DENYING

5

DEFENDANT'S APPEAL WHERE IT IS NOT CLEAR THAT TWO MINUTES HAD PASSED BETWEEN BREATH SAMPLES.

POINT II

THE COURT ERRED IN RELYING ON THE MUNICIPAL COURT TESTIMONY OF ONE TROOPER KREBS, A WITNESS IN AN UNRELATED MUNICIPAL COURT TRIAL WHOSE TESTIMONY WAS QUOTED IN THE UNPUBLISHED OPINION, STATE V. MUKHERJEE; WHERE THE DEFENDANT IN MUKHERJEE PRESENTED NO EXPERT TESTIMONY TO THE CONTRARY; AND WHERE DEFENDANT IN THE SUBJECT CASE PRESENTED EXPERT TESTIMONY REFUTING TROOPER KREBS' TESTIMONY.

POINT III

WHETHER THE BLOOD ALCOHOL RESULTS OBTAINED FROM CHEMICAL BREATH TESTING USING AN ALCOTEST 7110 MK III C INSTRUMENT ARE COMPLIANT WITH THE CONDITIONS FOR SCIENTIFIC RELIABILITY CITED IN STATE V. CHUN, 194 N.J. 54, 130 (2008) AND ADMISSIBLE AS EVIDENCE WHERE THERE IS REASONABLE DOUBT THAT TWO MINUTES HAD ELAPSED BETWEEN BREATH TESTS?

II.

On appeal from a municipal court to the Law Division, the review is de novo on the record.  R. 3:23-8(a)(2).  The Law Division judge must make

independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

We do not, however, independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). Our "standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (internal quotations marks and citation omitted). "[A]ppellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). But, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

We agree that it was error for the trial court to rely on our unpublished opinion. According to Rule 1:36-3,

> [n]o unpublished opinion shall constitute precedent or be binding upon any court. Except for appellate opinions not approved for publication that have been reported in an authorized administrative law reporter, and except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or

> any other similar principle of law, no unpublished opinion shall be cited by any court.

The trial court "acknowledge[d] that <u>Mukherjee</u> has not been approved for publication and is therefore not explicitly dispositive." Despite that acknowledgement, the trial court provided a detailed description of the <u>Mukherjee</u> opinion and concluded that "the Chun-<u>Mukherjee</u> [sic] line of cases governs the outcome in this matter." The court concluded its opinion by stating that it "finds <u>Mukherjee</u> persuasive and relies upon it in making this decision." This error, however, is not fatal to the trial court's decision.

The heart of the trial court's holding is that, as noted in <u>Mukherjee</u>, the <u>Chun</u> Court found the Alcotest results were reliable, not because a full two minutes must transpire between breath samples, but because a second sample cannot be taken until "[a]fter a two-minute lock-out period during which the device will not permit another test . . . ." 194 N.J. at 81. The Special Master's report on which the Court relied noted that the Alcotest machine did not always strictly adhere to the two-minute lock-out period but that the timing error was "very slight." 2007 N.J. Lexis at 100.

In light of this holding, the expert opinion proffered by defendant, even if accepted as true, does not create reasonable doubt about the proper administration of the Alcotest to defendant. The parties stipulated that the

Alcotest machine was operating properly when defendant's breaths were taken. There is no evidence in the record that the machine malfunctioned when it allowed a second breath sample to be taken after a lock-out period. Under the holding in <u>Chun</u>, it was not necessary for the lock-out period to have been a full two minutes for the test results to be admissible. The predicate for admissibility on this aspect of the Alcotest test procedure is that the machine's lock-out feature functioned properly. Slight deviations to the two-minute period permitted by the machine's software, such as through the rounding down of seconds, were not found by the Court to undermine the reliability of the test results.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3138-18T1